MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Gregory Nidez Valencia, Jr., )    No. CV 07-1294-PHX-DGC (MEA)
                                 )
           Plaintiff, )    **ORDER**
                                   )
vs. )
                                   )
Reyna, et al., )
                                   )
           Defendants. )
_____ )

## I.    Procedural Background

       On July 2, 2007, Plaintiff Gregory Nidez Valencia, Jr., who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. He also filed a Motion for Appointment of Counsel (Doc. #3) and Motion for Preliminary Injunction (Doc. #6).   On July 24, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. #12) and lodged a First Amended Complaint (Doc. #13).  He also filed a second Motion for Preliminary Injunction (Doc. #9).

## II.    Application to Proceed *In Forma Pauperis* and Filing Fee

       Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.87.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

TERMPSREF

1  Order requiring the appropriate government agency to collect and forward the fees according

2  to the statutory formula.

3  **III.   Motion for Leave to File an Amended Complaint**

4         Plaintiff seeks leave to amend his Complaint pursuant to Rules 15(a) and 19(a) of the

5  Federal Rules of Civil Procedure.  Rule 15(a) provides that "[a] party may amend the party's

6  pleading once as a matter of course at any time before a responsive pleading is served."

7  Because the Defendants have not yet been served in this action and have therefore not served

8  any responsive pleadings, the Court will grant Plaintiff's motion and will direct the Clerk of

9  Court to file the lodged First Amended Complaint.

10        The First Amended Complaint supersedes the original Complaint.  <u>Ferdik v. Bonzelet</u>,

11  963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d

12  1542, 1546 (9th Cir. 1990).  The Court will treat the original Complaint as nonexistent.

13  <u>Ferdik</u>, 963 F.2d at 1262.  If a cause of action that in the original Complaint is not in the First

14  Amended Complaint, it is waived.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

15  **IV.   Statutory Screening of Prisoner Complaints**

16        The Court is required to screen complaints brought by prisoners seeking relief against

17  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

18  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

19  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

20  be granted, or that seek monetary relief from a defendant who is immune from such relief.

21  28 U.S.C. § 1915A(b)(1), (2).

22  **V.   First Amended Complaint**

23        In his five-count First Amended Complaint, Plaintiff sues fifteen Defendants.  The

24  following Defendants are employed at the Arizona Department of Corrections' Special

25  Management Unit II: (1) Special Services Unit (SSU) Lieutenant Reyna, (2) SSU Officer

26  Boggs, (3) Control Room Officer John Doe, (4) Deputy Warden Neese, (5) Counselor

27  Pfiefer, (6) Notary John Doe, (7) Criminal Investigations Unit Officer Stephen Garcia,

28  (8) Criminal Investigations Unit Officer Powell, (9) Nurse Jane Doe, (10) Counselor Ridgely,

1   (11) Psychologist Susan L. Kaz, and (12) Psychologist Strubbel.  Plaintiff also sues Attorney

2   Jeffrey G. Buchella, Pima County Attorney Rick A. Unklesbay, and the State Bar of Arizona.

3       In Count One, Plaintiff alleges that he was subjected to a course of physical and

4   sexual assault designed to coerce him to transfer funds from a trust fund that had been left

5   to him by his father and to sign false murder confessions.  Plaintiff contends Defendant

6   Reyna, Boggs, Control Room Officer Doe, Neese, Pfiefer, and Notary Doe maliciously and

7   sadistically (1) used physical force without need or provocation or (2) failed to intervene to

8   prevent the force and sexual assaults.  Plaintiff alleges that this conduct violated the Eighth

9   Amendment prohibition against cruel and unusual punishment.  Plaintiff also asserts that

10   Defendants Reyna and Boggs' actions constitute state law torts of assault, aggravated assault,

11   and sexual assault.  Plaintiff additionally contends that Defendants Control Room Officer

12   Doe, Neese, Pfiefer, and Notary Doe's failure to curb Defendant Reyna and Bogg's physical

13   and sexual abuse constituted deliberate indifference in violation of the Eighth Amendment.

14       In Count Two, Plaintiff alleges that Defendants Reyna, Boggs, Pfiefer, Garcia,

15   Powell, Ridgely, Kaz, and Strubbel maliciously and sadistically (1) compelled Plaintiff to

16   sign false confessions and/or make false statements or (2) failed to intervene to prevent the

17   coercion.  Plaintiff contends this violated the Eighth Amendment prohibition against cruel

18   and unusual punishment.  He also asserts that Defendants Reyna, Boggs, Pfiefer, Garcia,

19   Powell, Buchella, Unklesbay, Katz, and Strubbel's submission of Plaintiff's false

20   confessions, statements, and documentation constitutes the "tort of false statements and/or

21   documentation" under 18 U.S.C. § 1001.  In addition, he claims that Defendant Neese's

22   failure to curb the coercion violated the Eighth Amendment.

23       In Count Three, Plaintiff alleges that Defendants Reyna, Boggs, Pfiefer, and Neese

24   violated his Fourteenth Amendment due process rights by failing to process his informal

25   grievances, by compelling him to make and sign false statements, and by submitting his false

26   statements and documents.  He also asserts that Defendants Pfiefer and Neese's submission

27   of his false confessions and statements into his institutional file constituted the "tort of false

28   statements and/or documents" under 18 U.S.C. § 1001.

In Count Four, Plaintiff alleges that Defendant Reyna, Boggs, Pfiefer, Powell, and Garcia retaliated against Plaintiff for filing grievances when they unreasonably searched and seized Plaintiff's documentation of his assaults.

In Count Five, Plaintiff alleges that Defendants Neese, Pfiefer, and Nurse Doe failed to provide adequate medical care in violation of the Eighth Amendment when they failed to provide "blood testing for deadly disease[s] and treatment for his anus."

Plaintiff seeks declaratory and injunctive relief and monetary damages.

**VI.   Failure to Link Defendant with Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Defendant State Bar of Arizona is only identified in the body of the First Amended Complaint in Count Two as an addressee of one of Plaintiff's coerced false-confession letters.  Plaintiff has failed to demonstrate a link between any conduct by Defendant State Bar of Arizona and Plaintiff's alleged injuries.  Therefore, the Court will dismiss without prejudice Defendant State Bar of Arizona.

Plaintiff alleges in Count Two that he falsely confessed to murder when he was psychologically evaluated by Defendants Kaz and Strubbel.  He does not allege that these two Defendants violated his rights by compelling the confession; he alleges that, prior to his evaluation, he was threatened with further assaults if he did not falsely confess.  Plaintiff has failed to link any conduct by these Defendants with his injuries, and, therefore, the Court will dismiss without prejudice Defendants Kaz and Strubbel.

**VII.   Failure to State a Claim**

    **A.   Counts Two and Three – Claims under 18 U.S.C. § 1001**

In Counts Two and Three, Plaintiff alleges that Defendants Reyna, Boggs, Pfiefer, Garcia, Powell, Buchella, Unklesbay, Kaz, Strubbel, and Neese violated the "tort of false statements and/or documentation" under 18 U.S.C. § 1001.

First, 18 U.S.C. § 1001 is a federal *criminal* statute.  Second, it does not apply to the conduct at issue in this case because Plaintiff asserts Defendants submitted false confessions, statements, and documentation in his state criminal case (Count Two) and his Arizona Department of Corrections institutional file (Count Three).  Section 1001 only applies to such conduct when it is done "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States."  18 U.S.C. § 1001(a).

Finally, § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law*."  Blessing v. Freestone, 520 U.S. 329, 340 (1997).  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979)).  To determine whether a private right of action exist, the Court must determine whether Congress intended to create a private right of action.  Touche Ross, 442 U.S. at 568.  Section 1001 does not provide a private right of action.  Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992).

Plaintiff has failed to state a claim under 18 U.S.C. § 1001 or § 1983 for a violation of 18 U.S.C. § 1001.  The Court will dismiss Plaintiff's claims in Count Two and Count Three relating to 18 U.S.C. § 1001.

## B.    Count Three – Failure to Process Grievances

In Count Three, Plaintiff alleges, among other things, a violation of his due process rights because some of the Defendants failed to process Plaintiff's "informal resolutions in relation to the grievance process."  Plaintiff has failed to state a claim because  "[t]here is no legitimate claim of entitlement to a grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a § 1983 claim.  See Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of state prison's grievance system procedures does not deprive inmates of constitutional rights);

1   cf. Baltoski v. Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) ("The right to petition

2   the government for redress of grievances . . . does not guarantee a favorable response, or

3   indeed any response, from state officials.  Moreover, the First Amendment's right to redress

4   of grievances is satisfied by the availability of a judicial remedy.").  Therefore, Plaintiff has

5   failed to state a claim in Count Three for a violation of his due process rights related to

6   Defendants' failure to process his grievances.

7                    **C.      Count Five - Medical Care**

8            In Count Five, Plaintiff alleges that Defendants Neese, Pfiefer, and Nurse Doe failed

9   to provide adequate medical care in violation of the Eighth Amendment.  To state a § 1983

10  medical claim, a plaintiff must show that the defendants acted with "deliberate indifference

11  to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle

12  v. Gamble, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need"

13  by demonstrating that failure to treat the condition could result in further significant injury

14  or the unnecessary and wanton infliction of pain and (2) the defendant's response was

15  deliberately indifferent.  Jett, 439 F.3d at 1096.

16          To act with deliberate indifference, a prison official must both know of and disregard

17  an excessive risk to inmate health; the official must both be aware of facts from which the

18  inference could be drawn that a substantial risk of serious harm exists and he must also draw

19  the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the

20  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain

21  or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096.

22  Deliberate indifference may also be shown when a prison official intentionally denies,

23  delays, or interferes with medical treatment or by the way prison doctors respond to the

24  prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

25          Mere claims of "indifference," "negligence," or "medical malpractice" do not support

26  a claim under 42 U.S.C. § 1983.  Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.

27  1980).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's]

28  serious medical needs."  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay

1  in medical care, without more, is insufficient to state a claim against prison officials for

2  deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

3  407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

4  "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105-06.

5       Plaintiff has not shown that Defendants were deliberately indifferent to his "serious

6  medical needs."  He has not alleged that Defendants' failure to provide treatment for his anus

7  could or did result in further significant injury or the unnecessary and wanton infliction of

8  pain.  In addition, he cannot make such a showing regarding Defendants' failure to provide

9  blood testing because, once he received blood testing, he tested negative for Hepatitis C and

10  HIV/AIDS.  The Court will dismiss Count Five without prejudice.

11      **D.**    **Defendants Buchella and Unklesbay**

12       Plaintiff alleges in Count Two that Defendant Buchella (his criminal defense attorney)

13  and Defendant Unklesbay (the prosecutor in his criminal case) received and "submitt[ed]"

14  copies of Plaintiff's coerced false confession in violation of 18 U.S.C. § 1001.  As previously

15  discussed, Plaintiff has failed to state a claim under 18 U.S.C. § 1001 or § 1983 for a

16  violation 18 U.S.C. § 1001.

17       As to Defendant Buchella, Plaintiff has also failed to state a claim because a

18  prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted

19  under the color of state law.  "[A]n attorney, whether retained or appointed, does not act

20  'under color of' state law."  Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (per

21  curiam).  As to Defendant Unklesbay, Plaintiff has also failed to state a claim because

22  prosecutors are absolutely immune from liability under § 1983 for their conduct in

23  "initiating a prosecution and in presenting the State's case" insofar as that conduct is

24  "intimately associated with the judicial phase of the criminal process."  Buckley v.

25  Fitzsimmons, 509 U.S. 259, 270 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31

26  (1976)).  See also Newcomb v. Ingle, 827 F.2d 675, 677 (10th Cir. 1987) (assistant county

27  attorney who received and used a recorded telephone call was absolutely immune from suit

28  under 42 U.S.C. § 1983 because the activities were "intimately associated with the

prosecutorial phase of the criminal process"). The Court will dismiss Defendants Buchella and Unklesbay without prejudice.

**VIII.   <u>Heck v. Humphrey</u> and <u>Wallace v. Kato</u>**

A prisoner's claim for damages under § 1983 must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). However,

> [i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

<u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1098 (2007) (citations omitted).

Liberally construed, Plaintiff has stated (1) Eighth Amendment and state law claims in Count One against Defendants Reyna, Boggs, Control Room Officer Doe, Pfiefer, Neese, and Notary Doe; (2) Eighth Amendment claims in Count Two against Defendants Reyna, Boggs, Pfiefer, Garcia, Powell, Ridgely, and Neese; (3) Fourteenth Amendment due process claims in Count Three related to Defendants Reyna, Boggs, Pfiefer, and Neese submitting false statements and documents and compelling Plaintiff to make and sign false statements; and (4) retaliation claims in Count Four against Defendants Reyna, Boggs, Pfieffer, Powell, and Garcia. However, Plaintiff has alleged that a criminal case involving the allegedly coerced confessions and statements is currently ongoing. He has requested as relief in this case, among other things, that his false confessions and statement be precluded from his criminal proceedings. His claims, therefore, appear to "relate[] to rulings that will likely be made in a pending or anticipated criminal trial." <u>Id.</u> at 1098.

If the criminal case is ongoing, a stay of this civil case is appropriate. <u>Id.</u> If Plaintiff was ultimately convicted in that criminal case and his conviction has not been reversed,

expunged, or otherwise invalidated, those claims in his First Amended Complaint that would imply the invalidity of his conviction would be barred by <u>Heck</u>.  <u>See</u> <u>Wallace</u>, 127 S. Ct. at 1098; <u>Heck</u>, 512 U.S. at 486-87.  An answer would be appropriate, however, to any remaining claims.

Because the Court cannot determine at this time whether a dismissal, stay, or answer to the First Amended Complaint is appropriate, the Court will order that this case be served on Defendants Reyna, Boggs, Control Room Officer John Doe, Neese, Pfiefer, Notary John Doe, Garcia, Powell, and Ridgely.  Those Defendants will not be required to file an answer to the First Amended Complaint at this time.  Instead, those Defendants shall have 60 days after service of the First Amended Complaint within which they must file a brief: (1) providing the Court with the status of any criminal case against Plaintiff related to the incidents described in the First Amended Complaint, and (2) discussing the applicability of <u>Wallace</u> based on the status of the criminal case.  Plaintiff shall have 30 days after service of the brief within which to file and serve a responsive brief.  Defendants shall have 15 days after service of the responsive brief within which to file and serve a reply brief, if they so desire.

**IX.     Motions for Preliminary Injunction**

In his two motions for preliminary injunction, Plaintiff seeks the destruction of his false confessions and statements to ensure that this evidence is "not used against [him] in [his] ongoing criminal proceedings."  Under the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings." <u>San Remo Hotel v. City & County of San Francisco</u>, 145 F.3d 1095, 1103 (9th Cir. 1998).  "Absent extraordinary circumstances, <u>Younger</u> abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." <u>Id</u>.  The Court will abstain under <u>Younger</u> and deny both motions.

. . . .

. . . .

1    **X.     Motion for the Appointment of Counsel**

2         Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when

3    "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

4    1991).  A determination with respect to exceptional circumstances requires an evaluation of

5    the likelihood of success on the merits as well as the Plaintiff's ability to articulate his claims

6    *pro se* in light of the complexity of the legal issues involved.  Id.  "Neither of these factors

7    is dispositive and both must be viewed together before reaching a decision."  Id. (quoting

8    Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9         Having considered both elements, it does not appear at this time that exceptional

10   circumstances are present that would require the appointment of counsel in this case.

11   Accordingly, the Court will deny without prejudice Plaintiff's Motion for the Appointment

12   of Counsel.

13   **XI.    Warnings**

14        **A.     Release**

15        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

16   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

17   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

18   in dismissal of this action.

19        **B.     Address Changes**

20        Plaintiff must file and serve a notice of a change of address in accordance with Rule

21   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22   relief with a notice of change of address.  Failure to comply may result in dismissal of this

23   action.

24        **C.     Copies**

25        Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

26   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

27   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

28

an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the

Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency,

Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.87.

(3)   Plaintiff's Motion for Leave to File an Amended Complaint (Doc. #12) is

**granted**.

(4)   The Clerk of Court must **file** the lodged First Amended Complaint (Doc. #13).

(5)   Plaintiff's Motion for the Appointment of Counsel (Doc. #3) is **denied without

prejudice**.

(6)   Plaintiff's July 2, 2007 Motion for Preliminary Injunction (Doc. #6) is **denied**.

(7)   Plaintiff's July 24, 2007 Motion for Preliminary Injunction (Doc. #9) is **denied**.

(8)   Defendants Nurse Jane Doe, Kaz, Strubbel, Buchella, Unklesbay, and State Bar

of Arizona are **dismissed without prejudice**.

(9)   The following are **dismissed without prejudice**:

(a)   The portion of Count Two that raises claims involving 18 U.S.C.
§ 1001.

(b)   The portion of Count Three that raise a Fourteenth Amendment due
process claim for failing to process Plaintiff's informal grievances **and**
the portion that raises claims involving 18 U.S.C. § 1001.

(c)   Count Five.

(10)   The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #13), this Order, and both summons and request for waiver forms for Defendants Reyna, Boggs, Control Room Officer John Doe, Neese, Pfiefer, Notary John Doe, Garcia, Powell, and Ridgely.

(11)   Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(12)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(13)   The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(14)   The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, First Amended Complaint, and this Order upon  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon  Defendant.  The costs of service

TERMPSREF

1   must be enumerated on the return of service form (USM-285) and must

2   include the costs incurred by the Marshal for photocopying additional

3   copies of the Summons, First Amended Complaint, or this Order and

4   for preparing new process receipt and return forms (USM-285), if

5   required. Costs of service will be taxed against the personally served

6   Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

7   Civil Procedure, unless otherwise ordered by the Court.

8   (15)   **A Defendant who agrees to waive service of the Summons and First**

9   **Amended Complaint must return the signed waiver forms to the United States Marshal,**

10  **not the Plaintiff.**

11  (16)   Defendants **must not** answer the First Amended Complaint **until further**

12  **order of the Court**.

13  (17)   Within **60 days** after service or waiver of service, Defendants Reyna, Boggs,

14  Control Room Officer John Doe, Neese, Pfiefer, Notary John Doe, Garcia, Powell, and

15  Ridgely **must file** and serve a brief:

16  (a)   providing the Court with the status of any criminal case against

17  Plaintiff related the incident described in the First Amended

18  Complaint, and

19  (b)   discussing the applicability of <u>Wallace</u> based on the status of the

20  criminal case.

21  (18)   Within **30 days** after service of the brief, Plaintiff **must file** and serve a

22  responsive brief.

23  (19)   Within **15 days** after service of the responsive brief, Defendants Reyna, Boggs,

24  Control Room Officer John Doe, Neese, Pfiefer, Notary John Doe, Garcia, Powell, and

25  Ridgely **may file** and serve a reply brief, if they so desire.

26  (20)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

27  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

28

TERMPSREF

- 13 -

1        DATED this 10th day of August, 2007.

2

3

4 _____

5                              David G. Campbell
                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28